IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| KAREN M. LEDFORD, §<br>　　　　*Plaintiff*, §<br>　　　　　　　　　　　　§<br>v. §<br>　　　　　　　　　　　　§<br>LACY M. AUBIHL, KOSSE ROPING §<br>CLUB, KENDA ECKOLS, and JOHNNY §<br>HOYLE d/b/a CADILLAC RODEO §<br>COMPANY, §<br>　　　　*Defendants*. § | Case No. 6:18-cv-00371 |

### PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, KAREN M. LEDFORD, Plaintiff herein ("Plaintiff"), and, complaining of and against Defendants LACY M. AUBIHL, KOSSE ROPING CLUB, KENDA ECKOLS, and JOHNNY HOYLE d/b/a CADILLAC RODEO COMPANY (collectively, "Defendants"), makes and files this, her *Original Complaint*. Plaintiff respectfully shows the Court as follows:

### PARTIES

1. Plaintiff KAREN M. LEDFORD is an individual domiciled in Jefferson Davis Parish, Louisiana, and is a citizen of Louisiana.

2. Defendant LACY M. AUBIHL is an individual domiciled in Fayette County, Texas, and is a citizen of Texas. She may be served at her last known address at 1326 PRIVATE ROAD 5011, LEDBETTER, TEXAS 78946.

3. Defendant KOSSE ROPING CLUB is a corporation organized under the laws of the state of Texas with its principal office in Kosse, Texas, Limestone County. It can be served through its registered agent for service of process in Texas, JOE D. SUTTLE, 8068 FM 339 S, KOSSE, TEXAS 76653.

4. Defendant KENDA ECKOLS is an individual domiciled in Limestone County, Texas, and is a citizen of Texas. She may be served at her last known address at 174 PRIVATE ROAD 5709, KOSSE, TEXAS 76653.

5. Defendant JOHNNY HOYLE d/b/a CADILLAC RODEO COMPANY is an individual domiciled in Limestone County, Texas, and is a citizen of Texas. He may be served at his last known address at 6350 FM 39 N., MEXIA, TEXAS 76667.

## JURISDICTION

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because it is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

## VENUE

7. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, and because one or more Defendants reside in this District. *See* 28 U.S.C. § 1391.

## FACTS

8. On or about June 15, 2017, Plaintiff was an invitee to an annual rodeo, organized and operated by Defendants Kosse Roping Club and Defendant Hoyle d/b/a Cadillac Rodeo. The Rodeo was located at the Kosse Roping Pens approximately one mile north of Kosse, Texas.

9. As Plaintiff and her sister walked by the barrel-racing arena, Defendant Aubihl exited the arena on her horse at a full gallop, striking Plaintiff and causing her great bodily injury and other damages.

10. There were no warning signs, cones, barricades, or fences to indicate to spectators that horses would be exiting from the arena at that location. Consequently, the arena as it was set up posed an unreasonable risk of harm to spectators such as Plaintiff.

11. Defendant Eckols owned the land upon which the rodeo took place, and thus had the ability and responsibility to ensure the rodeo was safe for spectators and to prevent dangerous activities from taking place on the land, yet she failed to enact reasonable safeguards or exercise reasonable control over the premises to prevent the risk of harm to spectators.

12. Defendant Kosse Roping Club possessed the land with Defendant Eckols' permission and had responsibility for setting up the rodeo and establishing safety protocols.

13. Defendant Hoyle d/b/a Cadillac Rodeo was the producer of the rodeo and had actual control over how events would take place and to direct where competitors and horses went after finishing their runs, as well as where spectators walked and watched the event take place.

14. All three of the Defendants referenced in Paragraphs 11-13 breached their duty to take ordinary, reasonable precautions to safeguard Plaintiff's safety and the safety of those similarly-situated. Defendants Eckols, Kosse Roping Club, and Hoyle likewise breached their duty to make the premises safe and warn of dangerous conditions.

15. Likewise, Defendant Aubihl had a duty to exercise reasonable care in the riding of her horse as a participant in the barrel-riding race. Specifically, Defendant Aubihl had the duty to ride in a manner that avoided colliding with and injuring spectators. Defendant Aubihl breached that duty of care by negligently and unreasonably causing her horse to collide with Plaintiff, and, as a proximate and actual result, caused Plaintiff to suffer injuries and damages.

### COUNT I: NEGLIGENCE
### (ALL DEFENDANTS)

16. Paragraphs 1-15 are incorporated here by reference.

17. In addition to other counts, Defendants were negligent. Specifically:

   (a) Defendants owed Plaintiff and those similarly-positioned a duty of care, to act with ordinary care and prudence under the circumstances.

   (b) Defendants violated that duty of care by failing to act as a reasonably prudent person under the circumstances and by failing to take reasonable precautions to safeguard Plaintiff's safety and well-being. The ways in which Defendants were negligent include, but are not limited to, not setting off the area of the barrel-racing arena with barricades, fences, gates, cones, or similar devices in order to prevent spectators from walking across the arena opening, and by failing to post signs, notices, or other visual indicators to warn spectators that barrel-racers would be exiting the arena in that area at high speeds. Defendant Aubihl violated her duty of care by failing to ride her horse with ordinary care and prudence, and instead unreasonably running her horse into spectators walking around the barrel-racing arena.

   (c) As a direct, actual, and proximate result of Defendants' tortious conduct described by this count, Plaintiff suffered injuries and other damages.

### COUNT II:  PREMISES LIABILITY
### (DEFENDANTS ECKOLS, KOSSE ROPING CLUB, AND HOYLE)

18. Paragraphs 1-17 are incorporated here by reference.

19. In addition to other counts, the conduct of Defendants Eckols, Kosse Roping Club, and Hoyle constituted premises liability. Specifically:

   (a) At all relevant times, Plaintiff was an invitee on Defendants' property.

   (b) The Defendants were owners and/or possessors of the premises.

   (c) A condition on the premises posed an unreasonable risk of harm.

   (d) The Defendants knew or reasonably should have known of the danger.

   (e) The Defendants breached their duties of ordinary care by

      i. Failing to adequately warn the Plaintiff of the condition, and

      ii. Failing to make the condition reasonably safe.

20. As a direct, actual, and proximate result of Defendants' tortious conduct described by this count, Plaintiff suffered injuries and other damages.

### COUNT III: GROSS NEGLIGENCE
### (DEFENDANTS ECKOLS, KOSSE ROPING CLUB, AND HOYLE)

21. Paragraphs 1-20 are incorporated here by reference.

22. In addition to other counts, the conduct of Defendants Eckols, Kosse Roping Club, and Hoyle constituted gross negligence. More particularly, the acts or omissions of these Defendants were performed by Defendants and their representatives with conscious disregard of the substantial risk of significant harm posed to Plaintiff and those similarly-situated. Defendants' conduct is of the nature and type for which Texas law authorizes the recovery of exemplary damages. Consequently, these Defendants are liable to Plaintiff for exemplary damages in an amount found by the jury to be necessary to deter future similar conduct.

### DAMAGES

23. As a direct, proximate, and actual result of the Defendants' conduct, Plaintiff has suffered injuries and damages for which Defendants are liable. Plaintiff seeks all damages which she has suffered as a result of the incident made the basis of this Lawsuit, including all economic, non-economic, actual, direct, special, and incidental damages, including, but not limited to:

   (a) reasonable and necessary costs of emergency, diagnostic, and rehabilitative medical care incurred in the past for the treatment of the Plaintiff;

   (b) reasonable and necessary costs of emergency, diagnostic, and rehabilitative medical expenses that will, in reasonable probability, be incurred in the future for Plaintiff;

   (c) physical pain and suffering which has been sustained in the past and which, in reasonable probability, will be sustained in the future by Plaintiff;

   (d) mental anguish and distress sustained in the past and which, in reasonable probability, will be sustained in the future by Plaintiff;

   (e) physical and cognitive impairment and resulting damages sustained in the past by reason of Plaintiff's injuries and that which, in reasonable probability, will be sustained in the future by Plaintiff;

(f) physical disfigurement sustained by Plaintiff in the past and future;

(g) incidental and out-of-pocket costs for Plaintiff's injuries and treatment;

(h) exemplary damages in the amount(s) determined by the jury;

(i) pre-and post-judgment interest at the highest rates allowed by law; *and*

(j) court costs in a final amount yet to be determined.

## JURY DEMAND

24. Plaintiff requests a trial by jury and hereby tenders the appropriate fee.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Karen M. Ledford prays that the Defendants named herein be cited to appear and answer, and that, upon final trial by jury, judgment be entered in favor of Plaintiff and against Defendants for all of her actual, incidental, mental anguish, economic, non-economic, and exemplary damages, and that she recover her costs of court and pre- and post-judgment interest at the highest rates allowed by law.

Respectfully submitted,

By: */s/ Benjamin C. Yelverton*
**MICHAEL L. SCANES**
State Bar No. 17701000
E-mail: scanes@scanesrouth.com
**BENJAMIN C. YELVERTON**
State Bar No. 24084132
E-mail: yelverton@scanesrouth.com
**SCANES & ROUTH, LLP**
7901 Fish Pond Road, Suite 200
P. O. Box 20965
Waco, Texas 76702-0965
(254) 399-8788
(254) 399-8780 (facsimile)

**ATTORNEYS FOR PLAINTIFF
KAREN M. LEDFORD**